IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-105-BO

| | |
|---|---|
| DEBRA DAVIS,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,<br>    Defendant. | )<br>)<br>)<br>)   **ORDER**<br>)<br>)<br>)<br>) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held on the motions before the undersigned on May 6, 2014, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Acting Commissioner is remanded for further consideration.

## BACKGROUND

On November 1, 2010, plaintiff filed an application for disability insurance benefits alleging an onset date of September 29, 2010. After her claim was denied initially and upon review, an Administrative Law Judge (ALJ) conducted a hearing and considered plaintiff's claim de novo. The ALJ found that plaintiff had not been under a disability from September 29, 2010, through the date of her decision, January 20, 2012. The decision of the ALJ became the final decision of the Acting Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date and at step two found that plaintiff had the following severe impairments: lymphedema, venous insufficiency, degenerative joint disease of bilateral knees, and obesity. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. The ALJ found that plaintiff had an RFC to perform less than the full range of sedentary work, as limited to only occasional pushing and pulling with the bilateral lower extremities; no climbing of ladders, ropes, or scaffolds; occasional kneeling, crouching, or crawling; occasional climbing of ramps or stairs; and frequent stooping. At step four the ALJ found that plaintiff could not perform her past relevant work, but found at step five that, considering plaintiff's age, education, work experience,

and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform.

A claimant's RFC describes what work-related functions the claimant can still perform despite her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). Sedentary work involves lifting no more than ten pounds, and although sitting is involved a certain amount of walking and standing is often necessary. SSR 83-10. A finding that a claimant can perform only a reduced range of sedentary work reflects serious limitations and is expected to be rare. SSR 96-9p. Here, the ALJ found that the additional postural limitations on plaintiff's sedentary RFC had little or no effect on the occupational base of unskilled sedentary work, and thus the ALJ did not consult a vocational expert but instead relied on the Medical-Vocational Rules to find plaintiff not to be disabled.

As the ALJ noted, plaintiff is obese and has a longstanding history of lymphedema in her legs, venous insufficiency, and degenerative joint disease in her knees. Mr. Ingles, plaintiff's physical therapist, opined in September 2010 that as a result of these conditions plaintiff would not be able to sit or stand for extended periods. Tr. 339. The ALJ afforded this opinion little weight as she found it to be inconsistent with the record and from a non-acceptable medical source. 20 C.F.R. § 404.1513(a). Mr. Ingles' opinion, though he is not an acceptable medical source, is consistent with the opinions of Drs. Greenlaw, Hayes, and Ahmed, who are acceptable medical sources and who each noted that plaintiff's pain persisted despite being off her feet and that her pain was also aggravated by sitting. Tr. 234; 319; 251. This is also consistent with plaintiff's own testimony that, after sitting through the hearing before the ALJ, plaintiff would need to take pain medication and sit with her legs elevated. Tr. 55-56.

4

The ALJ's additional postural limitations on plaintiff's RFC do not account for such findings or symptoms which are supported by the record. Thus substantial evidence does not the support the ALJ's RFC finding as the included postural limitations fail to accurately account for the work-related functions plaintiff could perform despite her impairments. Remand is required for a reexamination of plaintiff's RFC and referral of the matter to a vocational expert for an opinion on available jobs should any additional limitations found sufficiently erode the occupational base.

## CONCLUSION

For the foregoing reasons, plaintiff's motion [DE 22] is GRANTED, defendant's motion [DE 24] is DENIED, and this matter is REMANDED to the Acting Commissioner for further proceedings consistent with the foregoing.


SO ORDERED. This __ day of May, 2014.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE